UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Terry Bridges,<br>Plaintiff,<br><br>v.<br><br>Marley Engineered Products, LLC<br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 6, 2025.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Terry Bridges, is a citizen and resident of the State of South Carolina, and resides in Marlboro County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Marley Engineered Products, LLC, upon information and belief, is a foreign corporation organized in the state of Delaware and operating in the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about March 7, 2022, the Plaintiff, an African American, began working for the Defendant as a Setup Specialist. At all times, the Plaintiff was efficient and effective in his job.

11. On or about September 1, 2023, Plaintiff went to get the table for the operator as directed, but another co-worker had it. When Plaintiff took the table, one of Plaintiff's Caucasian co-workers, Kevin Grant, stated "who this nigga think he is" to Plaintiff.

12. The Plaintiff immediately reported the incident to his supervisors, James Caulder and Mike Simmons, as racial and color discrimination. Mr. Simmons asked Plaintiff if he thought that was offensive to which Plaintiff stated "yes," but nothing was done.

13. Later that day, Plaintiff was terminated. Plaintiff's termination was pretextual in nature, and not the true reason for terminating Plaintiff.

14. Mr. Grant continued to work for Defendant and was never counseled or reprimanded for the racial and color discrimination.

15. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment. Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

16. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Title VII - Racial Discrimination

17. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

19. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff based on his race and/or color;

    b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

    c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

20. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

21. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

22. The Plaintiff's race and/or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race and/or color, he would not have been terminated.

23. As a direct and proximate result of the Defendant's discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

25. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Title VII - Retaliation**

38. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

39. That as alleged above, Plaintiff complained to the Defendant about racial discrimination.

40. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

41. That shortly after making said complaint, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

42. The Defendant's stated reason for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

43. The Plaintiff's report of racial discrimination was a determining factor in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's reports of racial discrimination, he would not have been terminated.

44. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

45. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

46. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

47. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

48. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

49. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

**REQUEST FOR RELIEF**

56. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

57.  Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay and other work benefits.

58. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits he would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/Jarrel L. Wigger
Jarrel L. Wigger (Fed. I.D. #6345)
Landon L. Brock (Fed. ID # 13528)
Attorneys for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
May 30, 2025